# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Sparton DeLeon Springs, LLC ) ASBCA No. 60416
)
Under Contract Nos. N00164-01-D-0027 )
N00167-04-D-0024 )

APPEARANCES FOR THE APPELLANT: Nicole J. Owren-Wiest, Esq.
Gary S. Ward, Esq.
Wiley Rein LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
DCMA Chief Trial Attorney
Gregory T. Allen, Esq.
Peter M. Casey, Esq.
Trial Attorneys
Defense Contract Management Agency
Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The government requests reconsideration of our 28 December 2016 decision granting summary judgment to appellant and sustaining its appeal. There, we found, there was no genuine dispute regarding the facts that gave rise to the government's overpayment claim, and we concluded as a matter of law that the claim was barred by the six-year statute of limitations set forth in the Contract Disputes Act, 41 U.S.C. § 7103(a)(3)(4). *Sparton DeLeon Springs, LLC*, ASBCA No. 60416, 17-1 BCA ¶ 36,601. Familiarity with that decision is presumed.

A motion for reconsideration is not intended to allow a party to re-argue issues that were previously raised and decided. *Precision Standard, Inc.*, ASBCA No. 59116, 15-1 BCA ¶ 36,155 at 176,448. Nor is it, as a general rule, a vehicle for the introduction of evidence not newly-discovered. *See Hellenic Express*, ASBCA No. 47129, 97-1 BCA ¶ 28,844 at 143,885. However, the government's motion attempts both, and only those. Without rehashing what we have already decided, we note the following. First, the January 2007 Defense Contract Audit Agency Contract Audit Manual excerpt attached to the motion is not newly-discovered evidence. Second, as to the government's contention that the Board applied the wrong legal standard for determining whether the claim had accrued, we see no conceptual difference between the "should have been known"

standard set forth in Federal Acquisition Regulation 33.201 (defining "[a]ccrual of a claim") and the phrase "reasonably should have known" recited by the government (gov't mot. at 7, *passim*); the one expresses only what the other implies. *See Raytheon Co.*, ASBCA No. 58849, 15-1 BCA ¶ 36,000 at 175,866.

The motion for reconsideration is denied.[*]

Dated: 18 May 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60416, Appeal of Sparton DeLeon Springs, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[*] The government's motion contained a request that the Chairman refer the motion to the Board's Senior Deciding Group pursuant to paragraph 4 of the Board's Charter. The Chairman has denied that request.